**Kenneth L. Atwood v. Department of Employment Security**

[438 A.2d 392]

No. 339-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

Motion for Reargument Denied December 2, 1981

*Kenneth L. Atwood,* pro se, Barre, Plaintiff.

*Matthew R. Gould,* Montpelier, for Defendant.

**Per Curiam.** Claimant appeals the decision of the Vermont Employment Security Board denying his request for reconsideration of the determination of the Claims Examiner, dated March 22, 1978, which denied his claim for certain unemployment compensation benefits and disqualified him for others until such time as he earned wages in excess of a specified sum.

More than a year after the Claims Examiner disqualified him for voluntarily leaving his job, and denied him benefits, claimant reapplied. In this reapplication he sought twofold relief: (1) to be paid the benefits which he had been denied as a consequence of his disqualification, and (2) to have his disqualification lifted.

This reapplication was denied, in succession, by the Claims Examiner, the Appeals Referee, and the Vermont Employment Security Board. Each treated the claimant's two requests as if they were a single request for a redetermination of benefits

pursuant to 21 V.S.A. § 1348(b). That section provides in pertinent part:

> The authorized representative of the commissioner may, for good cause, at any time within one year after date of the original determination, reconsider an award of benefits or the denial of a claim therefor, and may issue a redetermination which may award, terminate, continue, increase or decrease such benefits.

The Claims Examiner denied claimant's claim for redetermination, pursuant to 21 V.S.A. § 1348(b), as untimely filed. The Appeals Referee and the Board affirmed the decision of the Claims Examiner on the same ground.

 By its very terms, however, 21 V.S.A. § 1348(b) is only applicable to the question of claimant's entitlement to the benefits originally denied him. But as previously noted, the 1978 disposition of his claim not only denied the claimant benefits, it also attached a penalty disqualifying him from receiving future benefits until such time as his earnings exceeded a specified sum. Although the Board was clearly correct in finding that 21 V.S.A. § 1348(b) barred payment of the benefits originally denied claimant, it clearly erred in assuming that this same statute also governed the issue of his disqualification for future benefits.

*The Employment Security Board is affirmed as to its decision denying benefits and is reversed insofar as it reaffirms the original disqualification of claimant for future benefits. The case is remanded to the Board for a determination of the claimant's request to lift the disqualification.*